UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRADLEY ORNS

    Plaintiff,

vs.   Case No.:

NEUROPSYCHIATRY CENTERS LLC

    Defendant.

## COMPLAINT
## DEMAND FOR JURY TRIAL

**COMES NOW**, Plaintiff, BRADLEY ORNS, by and through his undersigned counsel, brings this lawsuit seeking declaratory relief, injunctive relief, and monetary damages against Defendant, NEUROPSYCHIATRY CENTERS LLC ("NP CENTER") for violations of Title III of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, and Section 1557 of the Patient Protection and Affordable Care Act. Defendant refused to provide services to Plaintiff due to his service dog. Plaintiff was intentionally denied full and equal access to Defendant's mental health services, facilities, and privileges. Defendant failed to make reasonable modifications in policies, practices or procedures, and failed to take such steps as are necessary to ensure Plaintiff was not denied mental health services, or otherwise treated differently because of his disability and the presence of his service dog.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the actions pursuant to 28 U.S.C. §§ 1331, 1343, for the Plaintiff's claims arising under Title III of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act of 1973 ("Section 504"), and the Affordable Care Act ("ACA").

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1)-(b)(2) because (1) the Defendant is located in this district, and (2) a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this district.

## PARTIES

### PLAINTIFF

3. Plaintiff, BRADLEY ORNS ("Mr. Orns") was, at all times material hereto, a resident of Orange County, Florida. Mr. Orns has anxiety, depression, and permanent disabilities from a stroke including memory loss, and problems concentrating. Mr. Orns uses a service dog to help mitigate his disabilities.

### DEFENDANT

4. Defendant, NeuroPsychiatry Centers LLC ("NP Center"), is located at 835 Oakley Seaver Drive, Clermont, Florida. Defendant is a place of public accommodation, pursuant to 42 U.S.C. § 12181(7) (F), and is subject to the mandates of Title III of the ADA and its implementing regulations.

5. Defendant accepts Medicare, and is, therefore, a recipient of federal financial assistance subject to the requirements of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794.

6.     Defendant is principally engaged in the business of providing health care, and is covered by Section 1557 of Affordable Care Act, 42 U.S.C. § 18116.

## FACTUAL ALLEGATIONS

7.     Mr. Orns entered the Army at the age of 17, and is an honorably-discharged veteran who served in the Cold War.

8.     Mr. Orns is mentally disabled from a stroke he suffered in October 2018. His mental disabilities include cognitive impairment, generalized anxiety disorder, and depression.

9.     His disabilities substantially limit the major life activities of sleeping, concentrating, working, and interacting with others.

10.    To assist with his broad range of disabilities The Veterans Administration (VA) recommended Mr. Orns obtain a service dog.

11.    Mr. Orns' service dog is a 3.5-year-old Golden Lab named Eddy, who has been providing service to Mr. Orns for approximately two (2) years.

12.    Eddy was bred and trained by the non-profit Pawsitive Action Foundation specifically to be a service dog, and assigned to Mr. Orns. Due to his memory issues from the stroke, Mr. Orns often forgets where he places items. Eddy is trained to find and retrieve items such as his cellphone and keys.

13.    Mr. Orns' stroke caused severe brain damage, after which he began experiencing anxiety, depression, issues with memory, and concentration, and task completion. Upon command Eddy has been trained to press his head against

Plaintiff's legs to redirect his attention and lower his anxiety. If Mr. Orns is seated, upon command, Eddy has been trained to place his head or paws on Mr. Orns' legs and apply pressure for redirection.

14. In November and December of 2020, Mr. Orns was having significant emotional problems due to his brain injury. In December of 2020, his primary care physician gave him a referral to see a neuropsychiatrist.

15. The NP Center specializes in psychiatry, assessment, medication management, counseling and Transcranial Magnetic Stimulation[1] ("TMS") treatment. Mr. Orns contacted the NP Center for help.

16. On January 6, 2021, Mr. Orns had his first appointment with the NP Center in Clermont for a mood evaluation. The appointment was held virtually due to Covid-19.

17. During Mr. Orns' virtual appointment with Dr. Lall, Eddy was at his side. The NP Center's medical records indicate "he [Mr. Orns] now has a service dog through the VA-Eddy, helps with anxiety and calming." The medical records also indicate that "Patient may be a good TMS candidate." A follow up appointment was scheduled.

18. On February 3, 2021, Mr. Orns had a second virtual appointment with

---

[1] TMS is a non-invasive method of brain stimulation that relies on electromagnetic induction using an insulated coil placed over the scalp, focused on an area of the brain thought to play a role in mood regulation. *Found at* https://www.hopkinsmedicine.org/psychiatry/specialty_areas/brain_stimulation/tms/ (last visited January 19, 2022).

Dr. Lall. The medical records reflect "he has a service dog named Eddie (sic)." Due to Mr. Orns' history with anxiety and depression, and failure to alleviate his symptoms without adverse side effects from medication, Dr. Lall prescribed Transcranial Magnetic Stimulation treatment.

19. The NP Center told Mr. Orns his next appointment would be in the office for the first part of the TMS treatment. TMS is provided through a series of treatments, and Mr. Orns was told, after the initial assessment, the TMS treatment would be provided five days a week for the first month, then be modified based on Mr. Orns' response to the treatment.

20. Mr. Orns was scheduled for the initial TMS evaluation on March 1, 2021, and then would be scheduled for TMS treatment each week day. Mr. Orns was also scheduled for an in-person appointment with Dr. Lall on March 3, 2021.

21. On March 1, 2021, Mr. Orns appeared on site for his TMS appointment at the NP Center, and was accompanied by his service dog, Eddy.

22. Upon arrival, a woman at the NP Center reception desk told Mr. Orns dogs were not allowed. Mr. Orns tried to explain that Eddy is a service dog, but the receptionist told Mr. Orns again, "we don't allow animals here," and told him they had a sign stating the same. Ironically, the receptionist said they don't allow dogs, because some of their patients have anxiety.

23. The NP Center displayed a sign in their lobby which read, "NOTICE NO ANIMALS ALLOWED," but it did not reference service animals.

24. Mr. Orns tried to explain to the NP Center his right to enter with a service dog, and that Defendant was breaking the law, but the receptionist stood firm denying the service dog.

25. Trying to resolve the issue, because he wanted his medical treatment, Mr. Orns asked to speak to the manager. A male manager told Mr. Orns the ADA did not apply, because it was a private business on private property.

26. Exhausted with trying to explain the law, Mr. Orns became so emotional he could not operate his cell phone and was unable to call the police for help. Mr. Orns asked the Defendant to call the police. Mr. Orns waited in the lobby with Eddy for the police to arrive.

27. Shortly thereafter, an officer from the Clermont Police Department arrived and spoke to the manager. The manager told the officer the NP Center was not going to allow the service dog in, period.

28. Once Mr. Orns realized it was futile to remain, since he was not going to get treatment, and he did not want any trouble, he left with Eddy.

29. Mr. Orns was extremely upset and became very emotional. Eddy helped Mr. Orns calm down. Mr. Orns stayed in his truck in the parking lot for a short time to try to calm down.

30. While in the parking lot of the NP Center, Mr. Orns called the NP Center to confirm his next appointment on March 3, 2021. Mr. Orns desperately wanted to be treated with TMS with the hope it would alleviate some of the

symptoms of his ongoing mental health condition. Mr. Orns was told there was a problem, and someone from the office would call him back.

31. Once home, Mr. Orns called the ADA Information Line provided by the Department of Justice ("DOJ"), Civil Rights Division, to make sure he was correct that the law applied to the doctor's office, and to make a complaint if the law applied. While on the phone with the DOJ, the manager from the NP Center called Mr. Orns, who then patched the NP Center into a three (3) way call with the DOJ.

32. The ADA Specialist from the DOJ information line advised the NP Center Manager of the ADA's application to private business and doctor's offices. The NP Center and the ADA Specialist exchange comments back and forth as the NP Center Manager continues to tell the DOJ the ADA does not apply, and then the manager from the NP Center hangs up.

33. On March 3, 2021, the NP Center then retaliates against Mr. Orns, for invoking his federal rights, by sending him a certified letter which reads: "*It is the goal of Neuropsychiatry Centers to develop a mutually beneficial and respectful relationship with our patients. This relationship hinges on open and honest communication, trust between patients and providers and compliance with treatment plans and recommendations. In certain situations, patients are not well suited to the organization of our facility, and we find it in the best interest of the patient and the practice to transfer that patient to the care of another provider.*"

34. Mr. Orns is still in need of TMS treatment, and TMS treatment is still

being recommended by his primary care physician and VA psychiatrist. The NP Center has, at least, two locations, operated by the same physicians, both of which are located near Mr. Orns' home, and he shall return for needed medical services if allowed to do so.

35. The Plaintiff experienced dejection, frustration and anger as the direct result of Defendant's denial to provide treatment because of his service dog. Defendant's actions have caused the Plaintiff distinct, palpable, and perceptible injury. Those injuries include but are not limited to those described herein.

**WHEREFORE**, Plaintiff respectfully request the relief listed below:

## COUNT I

## TITLE III OF THE AMERICANS WITH DISABILITIES ACT

36. Plaintiff repeats and re-alleges allegations ¶¶ 1-35 in support of his claims.

37. This Count I seeking declaratory and injunctive relief is brought pursuant to Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12182, and its implementing regulations.

38. NP Center is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(F), and is subject to the mandates of Title III, and its implementing regulations.

39. Mr. Orns' disabilities substantially limit major life activities as defined by Title III of the ADA. Mr. Orns meets the essential eligibility requirements for

Defendant's medical services at all times material hereto, and is entitled to the protections of the ADA under 42 U.S.C. § 12181, *et seq.* and its implementing regulations.

40. Title III of the Americans with Disabilities Act prohibits discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations by any person who owns or operates a place of public accommodation. 42 U.S.C. § 12182 (a).

41. Defendant denied Plaintiff the opportunity to benefit from its mental health services, facilities, privileges, advantages, and accommodations that were equal to that afforded to other individuals who are not disabled, due to the use of a service dog in violation of the prohibition against discrimination based on disability. 42 U.S.C. § 12182, *et seq.*

42. Defendant intentionally failed to make reasonable modifications in its policies, practices, and or procedures as necessary to afford Plaintiff with its goods, services, facilities, privileges, advantages, and/or accommodations in violation of the prohibition against discrimination based on disability. 42 U.S.C. § 12182, *et seq.*, 28 C.F.R. § 36.302 (c).

43. Individuals with disabilities shall be permitted to be accompanied by their service animals in all areas of a place of public accommodation where members of the public, program participants, clients, customers, patrons, or invitees, as relevant, are allowed to go. 28 C.F.R. § 36.302 (c) (7).

44. No person shall discriminate against any individual because such

individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter. 42 U.S.C. § 12203.

45. As a result of Defendant's actions described above, Plaintiff suffered irreparable loss and injury including, but not limited to, embarrassment, emotional distress, and a deprivation of his rights to non-discrimination on the basis of his disability, and use of a service animal. In engaging in this unlawful conduct described above, Defendant acted intentionally and maliciously to damage the rights and dignity of Plaintiff.

46. Mr. Orns is a veteran who suffers from anxiety, depression, issues with memory, concentration, and mobility issues, and shall continue to need professional mental health services in the future, and shall return to the Defendant for professional mental health services and TMS treatment.

**WHEREFORE**, Plaintiff respectfully requests the relief listed below:

## COUNT II

### VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT

47. Plaintiff repeats and re-alleges allegations ¶¶ 1-35 in support of his claims.

48. Mr. Orns is disabled, and is considered an individual with a disability under Section 504 of the Rehabilitation Act.

49. Section 504 of the Rehabilitation Act of 1973 is a federal law that protects qualified individuals with disabilities from discrimination based on their disability.

50. Mr. Orns relies on the federal regulation set forth in Count I because Section 504 of the Rehabilitation Act relies on the regulations adopted for the ADA.

51. Count II is brought against the Defendant as a claim for discrimination against people with disabilities in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794, which provides, in relevant part:

> No otherwise qualified individual with a disability in the United States, as defined in Section 705 (20) of this title, shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

52. NP Center is a recipient of federal financial assistance including, but not limited to, acceptance of Medicare funds, and subject to the requirements of Section 504. 29 U.S.C. § 794.

53. Defendant has intentionally discriminated against Plaintiff on the basis of his disability and use of a service animal in violation of 29 U.S.C. §794 and its implementing regulations. Such discrimination includes, but is not limited to, failure to treat, failure to provide mental health services to a disabled veteran with a service dog, and exclusion to services based on disability. 45 C.F.R § 84.52.

54. Defendant's actions were intentional, and violated the rights of the Plaintiff by their refusal to reasonably accommodate Plaintiff, even after Defendant was put on full notice that Eddy was a service dog, and told by the DOJ ADA

Specialist they were prohibited from denying medical service based on the presence of the service dog.

55. As a result of Defendant's actions described above, Plaintiff has suffered embarrassment, emotional distress, and a deprivation of his rights to non-discrimination on the basis of his disability. In engaging in this unlawful conduct described above, Defendant, acted intentionally and maliciously to damage the rights and dignity of Plaintiff.

56. Mr. Orns is a veteran who suffers from anxiety, depression, issues with memory, concentration, and task completion, and shall continue to need professional mental health services in the future, and shall return to the Defendant for professional mental health services and TMS treatment.

**WHEREFORE**, Plaintiff respectfully requests the relief listed below:

## COUNT III

### SECTION 1557 OF THE PATIENT PROTECTION AND AFFORDABLE CARE ACT

57. Plaintiff incorporates and re-alleges paragraphs ¶¶ 1-35 in support of his claims.

58. Mr. Orns has anxiety, depression, issues with memory, concentration, and mobility issues, and his disabilities substantially limit major life activities. Accordingly, he is an individual with a disability as defined under 29 U.S.C. § 705(20) and 42 U.S.C. § 12102. *See* 42 U.S.C. § 18116; 45 C.F.R. § 92.4.

59. Defendant is a "healthcare program or activity," receiving federal financial assistance, including Medicaid reimbursements, and a covered entity under 42 U.S.C. § 18116.

60. Section 1557 of the Patient Protection and Affordable Care Act states "an individual shall not, on the ground prohibited under Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794), be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance[.]". 42 U.S.C. § 18116(a).

61. For the reasons set forth in Count III, Defendant has intentionally discriminated against the Plaintiff solely on the basis of his disability in violation of Section 1557 the Patient Protection and Affordable Care Act. 42 U.S.C. § 18116.

62. As a result of Defendant's actions described above, Plaintiff has suffered embarrassment, emotional distress, and a deprivation of his rights to non-discrimination on the basis of his disability. In engaging in this unlawful conduct described above, Defendant acted intentionally and maliciously to damage the rights and dignity of the Plaintiff.

63. Mr. Orns will continue to be in need of mental health services and TMS treatment, and shall return to the Defendant for such treatment.

## Relief Requested

**WHEREFORE,** Plaintiff respectfully requests the following relief:

A. The Court assume jurisdiction;

    B.    Issue a declaratory judgment that Defendant's policies, procedures, and practices have subjected Plaintiff to discrimination in violation of Title III of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, and the Affordable Care Act;

    C.    Issue a declaratory judgment that Defendant has engaged in retaliation in violation of the ADA and Section 504;

    D.    Enjoin Defendant from any policy, procedure, or practice that will deny disabled individuals, such as Mr. Orns, equal access to and an equal opportunity to participate in and benefit from Defendant's mental health services, on the basis of his use of a service dog;

    E.    Order Defendant to train its employees about the rights of individuals who use service dogs;

    E.    Award compensatory damages to Plaintiff;

    F.    Award reasonable attorney's fees, expenses, and costs of suit; and

    G.    Grant such other relief as the Court may deem equitable and just under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury on all issues which can be heard by a jury.

DATE: January 31, 2022.

                                        Respectfully submitted,

                                        */s/ Sharon Caserta*

                                        Sharon Caserta, Esq.
                                        Florida Bar No.: 0023117
                                        Morgan & Morgan
                                        Deaf /Disability Rights
                                        76 South Laura Street, Suite 1100
                                        Jacksonville, FL 32202
                                        (904) 361-0078 (Voice)
                                        (904) 245-1121 (Videophone)
                                        (904) 361-4305 (Facsimile)
                                        scaserta@forthepeople.com
                                        *Counsel for Plaintiff*